Our first case is Moonsung Kim v. Lee and the Law Offices of the Korea Central Daily News. It's docket number 2261. The appellant is proceeding on submission. So we will hear from the appellees beginning with Mr. Pettigrew. May it please the court, my name is Robert Pettigrew on behalf of Appellee Diane Lee and the Law Offices of Diane Lee. On a motion brought under Rule 12b-6, the District Court correctly held as a matter of law that outside litigation counsel cannot be held liable for retaliation under the FLSA. And it did so in accordance with this court's economic realities test and in accordance as well with a very factually similar case from the Sixth Circuit called Diaz v. Long Chair. Specifically, the court observed that Congress, through Section 216, which is the private cause of action under the FLSA, clearly indicated that the definition of employer utilized under wage and hour claims is identical to that utilized under retaliation. Well, wouldn't an employer include the agents of the employer? The employer acts through agents? And then, of course, my next question is, isn't a lawyer an agent? In accordance with this court's economic realities test, an agent could, if it meets the requirements of that test, also be held liable as an employer under the FLSA. And therefore, a lawyer could be held liable as an employer? No, Your Honor, that would not be the case under the economic realities test because that test focuses on the concept of control, control over whether or not someone's hired, control over the terms of employment. You're saying lawyers are out of control? They're always controlled, theoretically, by their clients. The lawyer, especially in this case, the outside counsel, would not be part of the employment relationship and would not fit the definition of an employer under Section 203B, which we know, through decades of precedent, is applicable to the economic realities test. What about the New York labor law? It specifically includes the phrase legal representative. The client was a legal representative. And I think, Your Honor, the same result is compelled under the New York labor law, which looks substantially to federal law and interpretation of employer and employees under its analogous provisions. Do we have to read legal representative narrowly to fit within the control test, the economic test? Yes, Your Honor. And in this instance, the legal representative would not be considered an employer for the same exact reason because they're no longer part of the employee relationship. So what do we make of the language in 215A3 that describes the scope of unlawful retaliation? And instead of using the term employer, it uses the term person. And that was really the crux of the decision below, the fact that it does refer to any person as opposed to any employer. But there's two significant aspects to that section. The first is it makes unlawful any discrimination aimed at an employee as opposed to any individual. And that indicates that, again, you're within the context of an employment relationship because otherwise the only scenario would be that Congress was drawing a distinction between the employed and the unemployed, which we know isn't correct. So the fact that the focus on that in that section, although it refers to any person, it limits that cause of action to any discrimination aimed at an employee. Why would they have used person instead of employer if they didn't mean something different from employer? Your Honor, I think for the same reason we have under Section 203B, which is significant, 203D rather, which is significantly older than Section 215A. It's a reflection of the common law and the traditional test that, or traditional way that we viewed the employment relationship. I thought what you were going to say is that notwithstanding that language, the scope of the private action under 216 was limited to employer. I'm wondering whether your argument is broader than that and says that under 216A, a person who's not otherwise an employer in the sense that we would apply under the sort of functional economic realities test. Is it your view that such a person could be or couldn't be liable for fines and imprisonment under 216A for retaliation? Couldn't be for three, primarily, Your Honor, for three reasons. And this is what the court below focused on. The fact that in the same subsection of 216, subsection B, you have the cause of action established for both wage and hour claims and retaliation claims, both of which refer to an employer. And that's distinguished from subsection A of that statute, which refers to any person in the context of a criminal charge. So you have the same language being utilized in the same subsection, which compels the result that Congress intended for there to be the same meaning applied to those two terms. Person and employer, even though they used different terms in the two subsections? That employer would be limited to both claims under the wage and hour section of the statute and also the retaliation section of the statute. And that's important because, again, we have a significant amount of precedent that shows that an employer under the wage and hour section of the statute means within the employment relationship. Right. I'm with you on that argument. What I'm trying to figure out, and I realize it's a little bit extrinsic to the issues squarely in this case, but I'm trying to figure out whether under 216A, which deals with fines and imprisonment rather than the private right of action, where it doesn't use the term employer, whether in that scenario somebody like outside counsel could be liable given the way the statute is structured? Your Honor, I don't believe it was Congress's intent in subsection A to untether any person from the employment relationship. What I think, rather, is that's a reflection of the fact that an employer is not going to be subject to a crime, per se, but rather are criminal laws are subject to individuals. That's what I believe that that section is for. The point I wanted to finish on with regard to section 216B, which the Sixth Circuit also found significant, was the type of relief that's afforded under that statute. That being the legal and equitable relief relating to employment, reinstatement, promotion, payment of wages. These are all forms of relief that would be limited to an employer, as opposed to someone like my client. I also think it's important to stress the following fact, too, that because we're dealing with an attorney here, who obviously occupies a special role in our legal system, that there are certain policy ramifications of the appellant's argument that is being urged today to create two separate tests in this matter. I'm going to ask you to try to wrap it up, just because we've got a full day. Certainly. And this was observed by the magistrate judge in the Eastern District. The fact that it would result in instant disqualification in this case, had that claim been permitted. And that certainly shouldn't be permitted in a case like this. And last but not least, the ethical dilemma that would arise, and it would be invited by the result that's being urged by the appellant here, I think also should be in point. We have an ethical duty to vigorously defend our clients. Attorneys shouldn't be in a position to choose between two undesirable outcomes. Thank you. Thank you. Thank you, Your Honor. Appreciate you. Thank you, Your Honor. Mr. Baines? Good morning, and may it please the court. My name is Galen Baines. I represent defendants appellees to Korea Central Daily News and Jungang Daily News, Inc. This court should affirm the decision below, dismissing plaintiff's complaint, because the district court correctly determines that one, Attorney Diane Lee's questioning of plaintiff during his deposition in the Wage and Hour case does not constitute retaliatory conduct as a matter of law. And two, plaintiff's complaint fails to plausibly allege that the counterclaims filed by defendants in the Wage and Hour case were objectively baseless, as required to sufficiently plead retaliation claims under the 12b6 standard. With respect to Attorney Lee's deposition questions, this court has recognized in the New York City Transit Authority that reasonable defensive measures taken by an employer in the course of a litigation do not constitute materially adverse action as required to constitute retaliation. The record here reflects that upon learning that plaintiff had surreptitiously retained the KCD defendant's documents, Attorney Lee questions plaintiff about his retention of those documents during his deposition. Although plaintiff attempts to cast these questions as threats, the district court correctly determines that the deposition questioning was not baseless or bad faith litigation. Well, it can be, it doesn't have to be baseless in order to be intimidating. I mean, that's a lot of what goes on at a deposition, is trying to teach the other side that they have problems and that they're going to lose. Yes, Your Honor, but the intimidating nature of a deposition is standard in the litigation process. In New York anyway. Yes, the fact that plaintiff may have felt intimidated doesn't raise the questions to the level of bad faith litigation, which would be necessary to advance a retaliation claim based on those questions. When you say bad faith litigation, in order to be actionable, does the litigation initiative have to be frivolous as a matter of law? Yes, Your Honor. I would distinguish, though, between bad faith litigation conduct or tactics in the context of an attorney. Well, I mean, it sounds like your client did bring these actions in order to punish the person for bringing the lawsuit in the first place. The question is, what's the standard for making that action? Yes, Your Honor. So the district court did find below a retaliatory motive, but in order to plausibly allege that the counterclaims were, in fact, retaliatory, there must be a showing both of retaliatory motive and that the counterclaims themselves were objectively baseless or frivolous. The court didn't allow the amendment, am I correct? That's correct, Your Honor, but there's no— they probably then assumed that they were objectively groundless. I don't think that would be a fair conclusion to draw. The court in the Eastern District refused to allow the counterclaims to move forward on a finding that supplemental jurisdiction wasn't warranted because they didn't share a common nucleus of operative facts. There was no analysis of the merits of the counterclaims by the Eastern District Court. I'll continue to address that a bit more if the court would like to add the counterclaims themselves. So with respect to the counterclaims, the underlying question here for the court is whether the complaint plausibly alleged that they were objectively baseless. And the district court correctly found that the complaint simply failed to put forward any factual allegations necessary to make that plausible allegation. Aren't those sort of legal questions, though? Whether the conversion claim was frivolous, wrong but not frivolous, or potentially meritorious, that's a legal question, isn't it? It is a legal question, Your Honor, but in this particular case, in order to plausibly plead that the counterclaims were objectively baseless, the plaintiff would have had to at least challenge some of the facts that were alleged in the counterclaims. So for example here, the plaintiff's complaint does not suggest that he wasn't aware that the documents that he retained were the property of the KCD defendants, that he retained them without their knowledge or permission. Well, on the conversion counterclaim, though, if it is the case that under New York law, getting digital copies of the documents while also leaving the digital copies for the employer, if that's not plausibly conversion, then none of those other facts matter. If conversion requires that you remove something to the exclusion of the rightful possessor, then that's just not a claim. Yes, Your Honor, I would agree with that. However, as the district court noted, there have been decisions within the circuit suggesting that the copying of digital documents may, in fact, give rise to a counterclaim. In order for the counterclaims to be frivolous, there would have to be no possibility for even an argument that law should be extended or modified in order to provide grounds for those claims. Appreciate your arguments, counsel. Thank you for your time. We'll take this one under advisement.